UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. RUSH, et al.,<br><br>    Defendants. | 1:16-cv-00675-AWI-EPG-PC<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF Nos. 1, 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.   BACKGROUND

Glenn David O'Neal ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 13, 2016, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

1

under imminent danger of serious physical injury."

## III.   ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has found evidence on the court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on May 13, 2016.[1] The first is case 5:13-cv-00176-UA-MAN (O'Neal v. Reovan, et al.) (CACD), which was dismissed on February 14, 2013, for failure to state a claim. The second is case 13-55523 (O'Neal v. Reovan, et al.) (9th Cir.), which was dismissed on June 21, 2013, as frivolous. The third is case 1:13-cv-02073-SKO (O'Neal v. Brimage, et al.) (EDCA), which was dismissed on February 20, 2015, for failure to state a claim.

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff argues that he is in imminent danger because prison officials have refused to provide him with a Kosher or vegetarian diet meal for seven months, causing him to lose fifty pounds.

Plaintiff alleges that before he converted to Judaism, when he was incarcerated at California State Prison-Sacramento (CSP-SAC), he was approved as a Christian to receive vegetarian meals through the Religious Diet Program (RDP). He began receiving a vegetarian diet on June 19, 2015. On October 28, 2015, Plaintiff was transferred to California State Prison-Corcoran (CSP-COR). For seven months, prison officials at CSP-COR have denied Plaintiff vegetarian meals because they refuse to recognize his RD card as valid. Plaintiff alleges that he converted to Judaism and holds sincere beliefs. However, the prison Rabbi denied Plaintiff's request for a Jewish Kosher diet, based on the Rabbi's misinterpretation of

---

[1] The Court has examined the orders dismissing the three cases and finds that they constitute "strikes" within the meaning of § 1915(g).

the religious diet agreement form which states in part, "an inmate 'may' change his religious diet no more than once a year." (ECF No. 1 at 4.) Plaintiff alleges that he has not changed diets.

Because of the prison's refusal to provide him a religious vegetarian diet, Plaintiff has lost 50 pounds and suffers from hunger pangs, weakness, fatigue, lack of energy, and depression. Plaintiff is indigent and cannot afford to purchase his own Kosher or vegetarian meals from the prison canteen.

Plaintiff's statements do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. Andrews, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); e.g., Mateo v. Vosbrink, 2006 WL 2038499, at *2 (N.D.Fla. July 18, 2006) (finding no imminent injury where plaintiff had not received requested Jewish dietary accommodation and had foregone meals and parts of meals causing constant hunger and hunger pangs); see e.g., Sango v. Aramark, No. 1:15-cv-247, 2015 WL 1632670, *3 (W.D. Mich. Apr. 13, 2015) ("[W]eight loss, standing alone, falls short of establishing serious physical injury."); Sims v. Caruso, No. 1:11–cv–92, 2011 WL 672232 (W.D.Mich., Feb. 18, 2011) (same); Hernandez v. Ventura County, No. CV 09–7838 GHK, 2010 WL 3603491, *5–6 (C.D.Cal., Jul. 27, 2010) (finding prisoner's claims that he was periodically denied full-sized fruit, provided sandwiches rather than hot meals, and lost weight did not constitute imminent danger of serious physical injury); Sayre v. Waid, 2009 WL 249982, at *3 (N.D.W.Va., Feb.2, 2009) (finding claim that prison food caused inmate to lose 30 pounds was insufficient to demonstrate serious physical injury; "[W]eight loss, in and of itself, is not indicative of a serious physical injury [for purposes of section 1915(g) ]."). Unlike the plaintiff in Jensen v. Knowles, 621 F.Supp.2d 921 (E.D.Cal. 2008) (daily deprivation of medically prescribed diabetic meals constitutes "'plausible allegation' of a danger of serious physical harm"), Mr. O'Neal does not assert that he has been denied a medically necessary diabetic diet.

Plaintiff's allegations are not comparable to allegations which other courts have deemed plausible and sufficient to come within the "imminent danger" exception. Hernandez, No. CV

09–7838 GHK, 2010 WL 3603491 at *5, citing Andrews, 493 F.3d at 1057 (claims of imminent risk of harm by exposure to hepatitis and HIV satisfy § 1915(g)); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (complaint as a whole alleged imminent danger of serious physical injury where defendant's failure to continue prescribed treatment for plaintiff's HIV and hepatitis exposed plaintiff to "'opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome,' which would cause [plaintiff] to die sooner."); Williams v. Lopez, 2010 WL 2197352, at *1-*2 (E.D.Cal. May 28, 2010) (finding imminent danger of serious physical harm where plaintiff alleged that defendant prison officers planned to transfer plaintiff to a prison that had "valley fever . . . a life-threatening illness to plaintiff, who has HIV," and that defendants continued to serve plaintiff "an unknown poison in his food, with the intent of making Plaintiff ill.").

Because he does not allege imminent danger of serious physical injury, Plaintiff may not proceed in this action without concurrent payment of the $400.00 filing fee. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) for Plaintiff's failure to submit a concurrent filing fee. If Plaintiff wishes to reassert his claims in a new case, subject to the limitations discussed below, he must concurrently pay the filing fee.

**IV.   CONCLUSION**

1. Plaintiff's *in forma pauperis* application is DENIED;
2. Plaintiff's Complaint and this action are DISMISSED pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff filing a new case accompanied by the full $400.00 filing fee; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   August 26, 2016                      _____
                                              SENIOR DISTRICT JUDGE